OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. JACKSON

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. JACKSON
2024 OK 15
Case Number: SCBD-7581
Decided: 03/04/2024
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2024 OK 15, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
GUY WADE JACKSON, Respondent.

ORDER APPROVING RESIGNATION
PENDING DISCIPLINARY PROCEEDINGS

¶1 The State of Oklahoma ex rel. Oklahoma Bar Association (Complainant) has presented this Court with an application to approve the resignation of Guy Wade Jackson (Respondent), OBA No. 4586, from membership in the Oklahoma Bar Association. Respondent wishes to resign pending disciplinary proceedings and investigation into alleged misconduct, as provided in Rule 8.1 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2021, ch. A, app. 1-A, https://govt.westlaw.com/okjc. Upon consideration of the Complainant's application and the Respondent's affidavit in support of resignation, we find:

1) On December 23, 2023, Respondent submitted his written Affidavit of Resignation from membership in the Oklahoma Bar Association pending investigation of a disciplinary proceeding.

2) Respondent's Affidavit reflects that:

a. The affidavit was freely and voluntarily rendered;
b. He was not subjected to coercion or duress; and
c. He was fully aware of the consequences of submitting the resignation.

3) Respondent states that although he is aware that the resignation is subject to the approval of the Supreme Court of the State of Oklahoma, he will treat it as effective on the date of filing his resignation. Respondent outlines the grievances which are under investigation by the General Counsel of the Oklahoma Bar Association as follows:

a. DC-23-211: Grievance by General Counsel: On September 26, 2023, a Corrected Verified Emergency Application for Citation for Indirect Contempt of Court was filed against Respondent in Oklahoma County Court Case No. CJ-2015-120 (consolidated with CJ-2015-189 and CJ-2019-6289). This Application was based on his continuous, contemptuous refusal to obey multiple court orders related to proceedings attempting to collect judgments in the amount of $73,965.24 and $208,003.53 and an arbitration award in the amount of $9,939,514.03. These judgments and the award were imposed against him for misconduct involving his representation of several clients and trust beneficiaries.[1]

On October 26, 2023, after a four-day trial, a jury found Respondent guilty beyond a reasonable doubt of indirect contempt in violation of 21 O.S. 2023, § 565 for his violation of all five court orders set forth in the Application. Respondent was found guilty of:

(a) Violating the District Court's October 31, 2019, Second Alias Order;

(b) Violating the District Court's October 6, 2021, Order Charging Judgment Debtor's Interest in Paladin Holdings L.L.C.;

(c) Violating the District Court's June 30, 2023, Journal Entry of Judgment sustaining the Application for Property and Oral Application for Receiver;

(d) Violating the District Court's September 6, 2023, Minute Order directing certain actions; and

(e) Violating the District Court's September 6, 2023, Second Supplemental Order Pertaining to Issues and Requirements of the Receivership.

4) Respondent is aware that, if proven, the allegations concerning his conduct as set forth in the above grievances, would constitute at a minimum, violations of Rule 4.1, and 8.4 (a) -- (d) of the Oklahoma Rules of Professional Conduct (ORPC) [2], 5 O.S. 2021, ch. 1, app. 3-A and Rule 1.3, RGDP[3], as well as my oath as an attorney.

5) Respondent is aware that the burden of proof regarding the allegations set forth in paragraph 3 (a) -- (e) supra., rests with Complainant but, Respondent waives any and all rights to contest the allegations.

6) An attorney, who is the subject of an investigation into, or a pending proceeding involving allegations of misconduct, may resign membership in the Oklahoma Bar Association by complying with the prerequisites for resignation set forth in Rule 8.1, RGDP. 1-A. In response the Supreme Court may enter an order approving the resignation, or in the alternative, may refuse to approve the resignation and allow the Professional Responsibility Commission to proceed.

7) Respondent's resignation pending disciplinary proceedings is in compliance with all of the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. 2021, ch. 1, app. 1-A, and it should be approved.

8) The official roster address of Respondent as shown by the Oklahoma Bar Association records is: 407 W. Covell Road, #30955, Edmond, Oklahoma 73003.

9) Respondent affirmed that he would tender his Oklahoma Bar Association membership card to the office of the General Counsel or destroy it.

10) Respondent acknowledges that he is responsible to reimburse any costs incurred in the investigation of this matter. Complainant stated that it has not incurred costs in the investigation of this matter and therefore did not seek reimbursement.

11) Respondent acknowledges that:

a. His actions may result in claims against the Client Security Fund, and he agrees to reimburse the fund for any disbursements made because of his actions prior to the filing of any application for reinstatement; and
b. He has familiarized himself with Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S. 2021, ch. 1, app. 1-A with which he agrees to comply within twenty (20) days following the date of his resignation.

¶2 It is therefore ORDERED that Complainant's application is

approved and Respondent's resignation during the pendency of disciplinary proceedings is accepted and approved effective December 12, 2023.

¶3 It is further ORDERED that Respondent's name be stricken from the Roll of Attorneys and that he makes no application for reinstatement to membership in the Oklahoma Bar Association prior to December 12, 2028.

¶4 It is further ORDERED that Respondent comply with Rule 9.1 of the RGDP, 5 O.S.2021, ch. 1 app. 1-A, by no later than March 25, 2024.

¶5 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 4th day of March 2024.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR

FOOTNOTES

[1] Also filed in this proceeding are photocopies of pleadings filed in the indirect contempt action which state that these judgments entered against him arise from "claims that were tried in court or arbitration such as breach of fiduciary duties, breach of contract, professional negligence, negligence and unjust enrichment." (See, Ex. 1, Rule 7 Notice of Conviction, filed Nov. 8, 2023.)

[2] Rule 4.1 Truthfulness in Statements to Others

In the course of representing a client a lawyer shall not knowingly:

(a) make a false statement of material fact or law to a third person; or

(b) fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6.

Rule 8.4 Misconduct

It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice....

[3] Sec. 1.3 Discipline for Acts Contrary to Prescribed Standards of Conduct

The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all. Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline.

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Title 21. Crimes and Punishments

 
Cite
Name
Level

 
21 O.S. 565, 
Definition of Direct Contempt and Indirect Contempt
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA